**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**ANTHONY DAVID DEAN EHRIKE,**

**Petitioner,**

**v.** **Case No. 26-CV-1941**

**WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,**

**Respondents.**

---

# REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS[1]

---

Anthony David Dean Ehrike, who is currently incarcerated at the Walworth County Jail, files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Ehrike has paid the $5.00 filing fee and his petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases. During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## BACKGROUND

At the heart of Ehrike's habeas petition is a pending revocation proceeding in Walworth County Circuit Court. Ehrike alleges that he was convicted and sentenced in three cases relevant to this petition—Portage County Case No. 18CF455; Rock County Case No.

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

22CF45; and Walworth County Case No. 25CF291. (Docket # 1 at 1.) Ehrike states that he is on extended supervision until October 28, 2031. (*Id.*)

A review of the Wisconsin Circuit Court records indicates that in the Portage County case, Ehrike pleaded guilty to manufacturing/delivering heroin and was sentenced on May 14, 2019, to five years of initial confinement and five years of extended supervision. *State v. Ehrike*, Case No. 2018CF455 (Wis. Cir. Ct. Portage County 2018), *available at* Wisconsin Circuit Court Access, https://wcca.wicourts.gov. In the Rock County case, Ehrike pleaded guilty to possession with intent to distribute heroin and was sentenced on March 30, 2022, to one year of incarceration followed by one year of extended supervision, to run consecutively to the Portage County case. *State v. Ehrike*, No. 2022CF45 (Wis. Cir. Ct. Rock County 2022), *available at* Wisconsin Circuit Court Access, https://wcca.wicourts.gov. Finally, in the Walworth County case, Ehrike pleaded guilty to manufacturing/delivering amphetamine and was sentenced on November 20, 2025, to three years of incarceration followed by three years of extended supervision, imposed and stayed for three years of probation. *State v. Ehrike*, No. 2025CF291 (Wis. Cir. Ct. Walworth County 2025), *available at* Wisconsin Circuit Court Access, https://wcca.wicourts.gov.

While on extended supervision, Ehrike was charged on August 6, 2026, with a misdemeanor for criminal damage to property in Walworth County. (Docket # 1 at 2); *State v. Ehrike*, No. 2026CM520 (Wis. Cir. Ct. Walworth County 2026), *available at* Wisconsin Circuit Court Access, https://wcca.wicourts.gov. Ehrike asserts that despite signing a $10,000 signature bond in the misdemeanor case, he remains in custody due to a probation hold. (Docket # 1 at 2.) He states that he received an “alternative to revocation” or “ATR”

offer on August 10, 2026, to participate in residential treatment for 90-180 days in lieu of revocation and he agreed to this offer. (*Id.*)

Ehrike alleges, however, that he has yet to begin his ATR treatment and has been told there are no beds currently available at the treatment facility. (*Id.*) Ehrike asserts that "continued jail detention on the DOC hold while awaiting an undated ATR placement, without constitutionally adequate review and process in my circumstances, violates the Fourteenth Amendment." (*Id.* at 1.) He argues that he should be released with GPS monitoring and daily drug testing pending placement in the treatment facility rather than remaining in jail. (*Id.* at 2.)

Ehrike asserts that he is in the process of preparing a state habeas petition for submission in Walworth County but has otherwise not presented this claim through Wisconsin appellate review. (*Id.* at 3.)

## ANALYSIS

Review of Ehrike's habeas petition and attached exhibits establishes that he is not entitled to habeas relief. As an initial matter, Ehrike does not sign his habeas petition himself; rather, Elizabeth Lytle, Ehrike's former partner and the mother of his child, signed the petition on his behalf. (*Id.* at 4.) A habeas corpus petition must be signed under penalty of perjury by the prisoner, or by a person authorized to sign it for the prisoner under 28 U.S.C. § 2242. *See* Rule 2(c)(5), Section 2254 Rules. Whether a person is authorized to sign a habeas petition on behalf of a prisoner is known as "next friend" standing. *Tracy v. Warden of Columbia Corr. Inst.*, No. 26-CV-942-JDP, 2026 WL 2937663, at *1 (W.D. Wis. Sept. 30, 2026). "It is well-settled that a next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir.

1989). It is the next friend's burden to clearly "establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). This includes establishing an adequate explanation for why the petitioner cannot appear on his own behalf such as due to "inaccessibility, mental incompetence, or other disability" and showing she is "truly dedicated to the best interests of the person," usually by demonstrating "some significant relationship with the real party in interest." *Id.*

Lytle fails to meet her burden of demonstrating next friend standing. She specifically states that Ehrike is competent and that he intends to sign his state habeas petition to be filed in state court. (Docket # 1 at 4.) She states that Ehrike requested Lytle sign this federal habeas petition to avoid delay and expense exchanging papers. (*Id.*) This does not establish that Ehrike cannot appear on his own behalf. Furthermore, even if Lytle could establish next friend jurisdiction, she states that she is not a lawyer. (*Id.*) "Normally, representative parties such as next friends may not conduct litigation *pro se;* pleadings may be brought before the court only by parties or their attorney." *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). Thus, on this basis alone, Ehrike's petition should be dismissed.

Even if Ehrike had signed the petition, however, dismissal is still appropriate. Ehrike's confinement stems from state court revocation proceedings. He seeks release from custody while awaiting placement at a treatment facility. Thus, his petition is properly brought pursuant to § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). Under § 2254, a federal district court may not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001).

Ehrike very clearly asserts that he has not exhausted his state court remedies. (Docket # 1 at 3.) He states that his "ongoing detention and uncertain bed date explain [his] request for prompt federal consideration; [he does] not claim that a Wisconsin court has refused to hear this claim, that no state remedy exists, or that a statutory exception to exhaustion has been established." (*Id.*) In fact, he states that he is preparing to file a petition for habeas relief in Walworth County Circuit Court. (*Id.*) Because of Ehrike's admission that he has failed to exhaust his state court remedies, it clearly appears from the face of the petition that Ehrike is not entitled to relief in district court at this juncture. For these reasons, I recommend Ehrike's petition for writ of habeas corpus be dismissed without prejudice.

**NOW, THEREFORE, IT IS RECOMMENDED** that Ehrike's habeas petition be **DISMISSED WITHOUT PREJUDICE**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 23rd day of October, 2026.

BY THE COURT

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge