UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY DAVID DEAN EHRIKE,

Petitioner,

v.

Case No. 26-cv-1941-pp

WISCONSIN DEPARTMENT OF CORRECTIONS,
JARED HOY, BURGEN E. KRUEGER,
TERESA REICHMANN and DAVID GERBER,

Respondents.

---

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 3), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

---

On October 19, 2026, the court received a *habeas corpus* petition from the petitioner; the petition stated that the petitioner was incarcerated at the Walworth County Jail. Dkt. No. 1 at 1. That same day, the court received a document titled "CONTACT INFORMATION;" this document was not signed, but it was dated October 14, 2026 and identified a person named "Elizabeth (Beth) Lytle" at an address on Ash Avenue in Cottage Grove, Oregon. Dkt. No. 1-1. The last sentence of the document stated, "The petition [sic] requests that court notices continue to be mailed to Anthony David Dean Ehrike, inmate #98909, at Walworth County Jail, 1770 County Road NN, Elkhorn, WI 53121." Id. The return address on the envelope in which these documents had been mailed was the address for Beth Lytle in Oregon. Dkt. No. 1-3.

On October 23, 2026, Magistrate Judge Nancy Joseph filed a report and recommendation, recommending that this Article III court dismiss the *habeas* petition without prejudice because the petitioner admitted that he had not exhausted his state court remedies. Dkt. No. 3 at 5. Judge Joseph's recommendation stated that any objections to the recommendation were due within fourteen days (that is, by November 6, 2026). Id. at 5. The court mailed the report and recommendation to the petitioner at the Walworth County Jail, as requested. The report has not been returned to the court as undeliverable and the court has no reason to think the petitioner did not receive it..

The deadline for filing objections has passed and the court has not received any objection from the petitioner. The court will adopt the recommendation and dismiss the case without prejudice for the petitioner's failure to exhaust his state court remedies.

## I. Legal Standard

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

## II. Discussion

Judge Joseph recommended that this court dismiss the petition without prejudice for several reasons. First, the petitioner did not sign the petition. Dkt.

No. 1 at 4. A *habeas* petition must be signed under penalty of perjury by the incarcerated person, or by someone authorized to sign for the incarcerated person under 28 U.S.C. §2242. See Rule 2(c)(5), Section 2254 Rules. Elizabeth Lytle, the petitioner's former partner and the mother of their daughter, signed on behalf of the petitioner and stated that her signature was requested "to avoid delay and expense exchanging papers." Id. at 4. She admitted that "permission and mailing inconvenience may not meet federal next-friend requirements." Id. Lytle is correct—a "next-friend" may not file a petition on behalf of a detainee if the detainee himself could file the petition. Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989). As Judge Joseph explained, it is the next friend's burden to clearly "establish the propriety of [her] status and thereby justify the jurisdiction of the court." Whitmore v. Arkansas, 495 U.S. 149, 163–64 (1990). This includes establishing an adequate explanation for why the petitioner cannot appear on his own behalf (due, for example, to "inaccessibility, mental incompetence, or other disability") and showing that she is "truly dedicated to the best interests of the person," usually by demonstrating "some significant relationship with the real party in interest." Id. This court agrees that Lytle has not established that the petitioner cannot appear on his own behalf.

Second, the petition states that the petitioner has not exhausted his state remedies. The petition challenges a pending revocation proceeding in Walworth County Circuit Court. Dkt. No. 1. The petitioner was convicted and sentenced in three cases that are relevant to his current petition: Portage

County Case No. 2018CF455; Rock County Case No. 2022CF45; and Walworth County Case No. 2025CF291. Id. While he was on extended supervision, the petitioner was charged with a misdemeanor for criminal damage to property in State v. Anthony D. Ehrike, Walworth County Case No. 2026CM520 (available at https://wcca.wicourts.gov). The petition includes a section titled "Exhaustion and other proceedings concerning this hold" in which the petitioner admits that he has not exhausted his state remedies:

> As of preparation on October 14, 2026, no state or federal court challenge to this current hold has been reported filed. A state habeas petition in Walworth County is being prepared for submission. I have not presented this current federal claim through completed Wisconsin appellate review. There is no state decision on this current claim attached. Preparing or filing the state petition does not itself complete exhaustion. The ongoing detention and uncertain bed date explain my request for prompt federal consideration; I do not claim that a Wisconsin court has refused to hear this claim, that no state remedy exists, or that a statutory exception to exhaustion has been established.

Id. at 3.

The law requires a petitioner to exhaust his state court remedies before a federal court may grant *habeas* relief. "Exhaustion" means that a petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also 28 U.S.C. §2254(b)(1). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," the U.S. Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Judge Joseph's report and recommendation that this court deny the petition for failure to exhaust was not clearly erroneous or contrary to law.

Once the petitioner exhausts his state court remedies, he may return to federal court seeking *habeas* relief. For future reference, this district's local rules require that the petitioner file his *habeas* petition on the form available on the Eastern District of Wisconsin website (https://www.wied.uscourts.gov/forms-pro-se-litigants) or from the clerk of court. Civil Local Rule 9(a)(1)(E.D. Wis.).

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate whether the petitioner has failed to exhaust his remedies as required by statute.

## IV. Conclusion

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 3.

The **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE.** The clerk will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 12th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**